Weldon, J.,
delivered the opinion of the court:
In this case the claimant seeks to recover against the District of Columbia, for a violation of a contract of lease of certain premises let to the defendant, for the purpose of a police station, alleging as his cause of action, that the said defendant- *392 failed and refused to comply with its agreement to repair and keep in repair tbe premises leased, and failing to take suck care of tbe demised premises as it was bound ,to do by law.
Tbe findings disclose in substance tbe following state of facts: On the 10th day of October, 1867, tbe levy court of tbe District of Columbia rented from the claimant tbe premises described in the petition. Tbe letting was by a written contract, but inasmuch as it has been lost, and no foundation for secondary proof was laid in tbe evidence, tbe findings do not disclose tbe terms of said agreement, and we are left in this case to deduce tbe rights and obligations of tbe parties from tbe implied covenants incident to tbe relation of landlord and tenant.
Tbe original letting was for tbe space of three years, and expired by the terms of its own limitation on the 10th day of October, 1870; but at tbe end of that period, by tbe act and ac-quiesence of both parties, said premises were occupied until about tbe middle of the succeeding April. The rent was ordinarily paid monthly. It appears that at tbe time tbe premises were abandoned by tbe defendant as a police statio'n they were in a ruinous condition and untenantable, and that such a condition was beyond the ordinary damage incident to a reasonable use of the same.
Independent of an express agreement on tbe part of tbe lessee, tbe law imposes upon him an obligation to treat tbe premises in such a way that no substantial injury shall be done to tbe property during tbe continuance of tbe lease; so that tbe same may be restored to the possession of tbe owner in a condition unimpaired by tbe negligent conduct of tbe lessee.
He is only bound to make tenantable repairs, and is not liable for tbe ordinary ‘wear and tear” of tbe premises, such as are incident to tbe reasonable use and occupation of tbe same. Thé tenantable repairs which the law imposes on tbe tenant, in tbe absence of an undertaking on bis part to repair, are such repairs as are required in the reasonable use and occupation of tbe premises, such as keeping fences in order, replacing windows and doors broken during tbe pendency of tbe lease. (Taylor, Landlord and Tenant, § 343, p. 292, seventh ed.)
For tbe time tbe premises were occupied, because of tbe relation of landlord and tenant, certain legal obligations arosei as to tbe duties of the parties in relation to tbe subject-mattei *393 •of the contract, and one of those obligations on the part of the lessee was to use the premises in such manner as not to impair the property beyond the ordinary “wear and tear” of the same.
It appears from the fifth finding that, at the time of the expiration of the occupancy of the defendant, the ruinous condition of the premises was not the result of the ordinary and ¡reasonable use of the same, but was a condition of damage not incident to such use; and that being true, it involves a violation on the part of the defendant of the implied covenant not to permit the condition of the premises to be impaired beyond the ordinary damages incident to a reasonable use.
It is insisted by the counsel for the government that there is no jurisdiction in this court, because the grievance complained of was the result of a tort upon the part oí the defendant, and is not foundedon a contract between the parties. It is provided in the Act June 16, 1880 (21 Stat. L., 284), that the Court of Claims shall have jurisdiction of “all claims based on contracts made by the levy court.”
While in a case of this kind the defendant might be guilty of a tort (determining its liability from the standpoint of an individual), if there is between the parties a contract, express or implied, the terms and obligations of which are impaired or violated by the act of the defendant, then the jurisdiction of this court is complete under the provisions of the above statute.
The relation of landlord and tenant cannot arise in the absence of a contract, express or implied, and as we have already held that such a relation did exist, it is equivalent to a determination in favor of the jurisdiction of this court.
After the termination of the time for which the premises'were let, in the month of October, 1867, the occupation of the defendant, under the Act July 4, 1864 (13 Stat. L., 383; Rev. Stat. D. C., § 681), became a tenancy by sufferance, which might be terminated by the landlord by a notice in writing to quit; and it is contended by the counsel for the government that because •of that provision of the statute the common-law incident of a leasehold estate was changed.
While this statute affected the tenure of the estate, it did not «hange the legal results arising from the implied covenants existing between the parties. By operation of law the estate *394 changed from a holding for years to a holding by sufferance, but the rights accruing anterior to the termination of the lease were unaffected by the legal effect of the statute making the holding an estate by sufferance.
It is claimed by the petitioner that the defendant is liable for all damages done to the property up to the time it was declared to be a nuisance, because there was no technical surrender of the premises. That might be true were it not for the well-known principle of law that it is the duty of the party injured, having it in his power, to take measures by which his loss may be less aggravated.
The petitioner, by the exercise of the ordinary act of ownership over the premises, might have prevented all damages to the property from the time it ceased as a police station to the time it was declared a nuisance. He knew that the defendant had, by the abandonment of the premises, in fact surrendered its possession of the premises, and it was his duty, if in his power, to take measures to prevent theinjury; and havingfailed to do so, he cannot recover against the defendant the result of his own negligence. (Sedgwick, Measure of Damages, p. 166.)
For the damages done the property during the continuance of the lease, beyond the ordinary wear and tear of the same, the defendant is responsible. The findings show that such damage is $750, and for that amount a judgment will be entered, due and payable as of the 1st day of August, 1874.